*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

FRANK RODRIGUEZ,
*On behalf of himself and all others similarly situated,*

          Plaintiff,

v.

NORTHLAND GROUP, LLC,

          Defendant.

Civil Action No.: 18-7692(FLW)

OPINION

---

**WOLFSON, United States District Judge:**

This putative class action suit against Defendant Northland Group, LLC ("Defendant), arises out of Plaintiff Frank Rodriquez's ("Plaintiff") claim that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by sending a debt-collection letter that failed to adequately notify Plaintiff of his rights to dispute a debt. In the present matter, Defendant moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.

## BACKGROUND

For the purposes of this motion, the following facts are taken from the Complaint and assumed as true. Plaintiff is a resident of Ocean, New Jersey. Compl. ¶ 7. Defendant is a debt collection agency operating in Edina,

Minnesota.[1]  *Id.* at ¶ 8.  On February 12, 2018, Defendant sent Plaintiff a one-page collection letter regarding a debt owed to TD Auto Finance, LCC, in the amount of $6,793.69.  *See* Compl., Exh. A., Letter dated February 12, 2018.  In its entirety, the letter reads as follows:

> Customer Service: 866-550-6872
> OFFIC HOURS: MON- FRI: 8AM- 5PM CENTRAL TIME
> Creditor: TD Auto Finance, LCC
>
> February 12, 2018
> Northland Reference Number: F4414270
> Account #: ******6825
> Balance Due: $6,793.69
>
> We Would Like to Help You Resolve Your Account
>
> Dear Frank A Rodriquez,
>
> On 02/08/18 TD Auto Finance, LCC authorized Northland Group to collect this debt on their behalf.  We are willing to negotiate a settlement for less than the full balance owed.  Contact Northland Group to discuss a settlement or to make payment arrangements.  This offer does not affect your rights set forth below:
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such judgment or verification.  If you request of this office in writing with 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> We look forward to hearing from you.
>
> Thank you,
> Northland Group
> 866-550-6872
>
> Payment Methods
> Online: www.payments2northland.com- Phone: 866-550-6872- Mail: P.O. Box 390846, Minneapolis, MN 55439

*Id.*

---

[1] There is no dispute that under 15 U.S.C. § 1692a(3), Plaintiff meets the statutory definition of a "consumer," and Defendant is a "debt collector" under the FDCPA.  *See* 15 U.S.C. § 1692a(6).

Based on this written communication, Plaintiff alleges that Defendant violated: 1) 15 U.S.C. § 1692e by making false, deceptive, or misleading representation or means in connection with the collection of the debt; and 2) 15 U.S.C. § 1692g for using unfair or unconscionable means to collect or attempt to collect the debt. *Id.* at ¶ 38. Plaintiff advances two theories in support his FDCPA claims; first, Plaintiff alleges that by using the word "if", the validation notice in the second paragraph of the letter, confuses the debtor on how to dispute the debt. Second, Plaintiff submits that the phrase — "We look forward to hearing from you" — conflicts with his right to dispute or request validation of the debt in writing.

In lieu of an answer, Defendant moves to dismiss Plaintiff's claims, arguing that Plaintiff fails to state a legal claim under the FDCPA.

**DISCUSSION**

**I.    Standard of Review**

Under Federal Rule of Civil Procedure 12(b)(6) a court may dismiss a pleading "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires that a pleader's complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When reviewing a Rule 12(b)(6) motion to dismiss, the court views the complaint and determines if the factual allegations pleaded, if taken as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007).

When reviewing the motion to dismiss, the court must "accept as true all the factual allegations in the complaint." *Letherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993). In addition, it is required that all reasonable readings of the complaint be made in the favor of the plaintiff. *Kaymark v. Bank of America, N.A.*, 783 F. 3d 168, 174 (3d. Cir. 2015). A motion to dismiss does not attack the merits of the action but requires that the legal sufficiency of the complaint be tested. *See Fowler v. UPMC Shadyside*, 578 F. 3d 203, 210 (3d Cir. 2009).

While the court accepts the facts alleged in the complaint as true, the plaintiff's pleadings must allege more than legal conclusions. *Id.* For a plaintiff to survive a Rule 12(b)(6) motion, a plaintiff is obligated to provide factual allegations that are sufficient to raise a right to relief above the speculation that all of the allegations in the complaint are true and that are facially plausible on their face. *Twombly*, 550 U.S. at 1959. A complaint is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A "sheer possibility that the defendant has acted unlawfully" will not satisfy the plausibility requirement. *Id.* (quoting *Twombly*, 550 U.S. 544 at 127).

In determining whether a complaint meets the pleadings standard, the Third Circuit requires that: 1) the court "outlines the elements a plaintiff must plead to state a claim for relief; 2) carefully determine which allegations "are no more than conclusions and thus not entitled to the assumption of truth; and 3)

4

determine whether the remaining allegations that are well-pled give an entitlement to relief. *Bistrian v. Levi*, 696 F. 3d 352, 365 (3d Cir. 2012); *see also Iqbal,* 556 U.S. at 679.

## II. FDCPA

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692e. The purpose of the FDCPA is to ensure that consumers are protected from fraudulent practices by prohibiting certain abusive, deceptive, and unfair debt collection practices. *Marx v. General Revenue Corp.*, 568 U.S. 371, 374 (2013). Under the FDCPA, a debt collector is prohibited from engaging in "any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of debt." 15 U.S.C. § 1692d. As such, a debt collector cannot "use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. In connection with the present case, the FDCPA requires debt collectors to provide the consumer with a written notice containing certain information regarding the debt allegedly owed within five days of initial communication. *See* 15 U.S.C. § 1692g(a).

To ensure enforcement, the FDCPA creates a private right of action for plaintiffs which enables them to bring suits against debt collectors who violate the FDCPA's provisions. 15 U.S.C. § 1692K; *see Grant v. JPMorgan Chase Bank*, No. 12-06248, 2013 WL 1558773, at *2 (D.N.J. Apr. 10, 2013). To state a claim under the FDCPA, a plaintiff must establish that "(1) he or she is a 'consumer' who is harmed by violation of the FDCPA; (2) the 'debt' arises out of a transaction

5

entered into primarily for personal, family, or household purposes; (3) the defendant collecting the debt is a 'debt collector'; and (4) the defendant has violated, by act or omission, a provision of the FDCPA." *Id.* (quoting *Berk v. J.P. Morgan Chase Bank, N.A.*, No. 11-2715, 2011 WL 4467746, at *3 (E.D. Pa. Sept. 26 2011) (citing 15 U.S.C. §§ 1692a-o)). Additionally, "[a] threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt.'" *Zimmerman v. HBO Affiliate Group*, 834 F. 2d. 1163, 1167 (3d Cir. 1987).

The Third Circuit construes the language of the FDCPA broadly as it is a remedial statute. *Brown v. Card Service Center*, 464 F. 3d. 450, 454 (3d Cir. 2006). Because of the FDCPA's remedial nature, the court analyzes "any lender-debtor communications [as] potentially giving rise to claims under the FDCPA" and thus, communications between lenders and debtors "should be analyzed from the perspective of the least sophisticated debtor." *Id.* The least sophisticated debtor perspective is a well-established legal principal recognized throughout the Courts of Appeals. *See, e.g., Baker v. G.C. Services Corp.*, 677 F. 2d 775 (9th Cir. 1982); *U.S. v. National Financial Services, Inc.*, 98 F. 3d 131, 135 (4th Cir. 1996); *Smith v. Transworld Systems, Inc.*, 953 F. 2d 1025, 1028 (6th Cir. 1992). Further, the Third Circuit has held that the least sophisticated debtor perspective is consistent with "basic consumer-protection principles" that are at the heart of the FDCPA's purpose. *see Wilson v. Quadramed Corp.*, 225 F. 3d 350, 354 (3d Cir. 2000).

Under that standard, the court requires more than "simply examining whether particular language would deceive or mislead a reasonable debtor." *Brown*, 464 F. 3d. at 454 (quoting *Wilson*, 225 F. 3d at 354); *see also Gaziano v. Harrison*, 950 F. 2d 107, 111 (3d Cir. 1991). Rather, the least sophisticated debtor standard requires less than that of a reasonable debtor, which would ask "whether a particular debt collection communication would mislead or deceive a reasonable debtor." The reasonable debtor standard, however, does not "provide solace to the willfully blind or non-observant." *Campuzano-Burgos v. Midland Credit Management, Inc.*, 550 F. 3d 294, 299 (3d Cir. 2008). The least sophisticated debtor standard, on the other hand, presumes that the debtor has "a basic level of understanding and willingness to read with care." *Rosenau v. Unifund Corp.*, 538 F. 3d 218, 211 (3d Cir. 2008). In addition, "the least sophisticated debtor is bound to read collection notices in their entirely." *Campuzano-Burgos*, 550 F. 3d at 299. Indeed, this standard "comports with [the] basic purpose of the FDCPA . . . to protect 'all consumers, the gullible as well as the shrewd.'" *Id. (*quoting *Wilson*, 225 F. 3d at 354-55 (internal quotation marks and citation omitted)).

    **A.**    **§ 1692g**

In the Complaint, Plaintiff alleges that Defendant violated § 1692g "by failing to clearly and effectively convey to [] Plaintiff that any disputes must be in writing, instead implying that such disputes may be made verbally." Compl., ¶ 52. Specifically, Plaintiff maintains that by using the word "if", the validation notice, included in the debt collection letter, is confusing to the least

7

sophisticated debtor. According to Plaintiff, the notice is phrased in "permissive terms," which "ambiguously impl[ies] that the debt could be disputed in writing or verbally." Pl. Opp. To Mot. To Dis. 6. As such, Plaintiff argues that the validation notice is misleading as the letter's contents can be read to have two or more meanings, and in that regard, Plaintiff maintains that the correct information as to how to dispute the debt was not effectively communicated to him, in violation of § 1692g.

Section 1692g(a) provides that a debt collector is required to include the following information within five days after the initial communication with a consumer:

> (1) The amount of the debt
> (2) The name of the creditor to whom the debt is owed;
> (3) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgement against the consumer and a copy of such verification or judgement will be mailed to the consumer by the debt collector; and
> (5) A statement that, upon the consumer's written request within the third-fay period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). Indeed, Congress included these debt validation provisions to guarantee that consumers would receive notice of their rights under the law. *Wilson*, 225 F. 3d at 354. The FDCPA further mandates that if the consumer has provided written notice within the 30-day period that he or she disputes the debt, or requests the name of the original creditor, the debt collector must cease

all efforts to collect the debt until the debt collector obtains and mails to the consumer either verification of the debt, a copy of a judgement to the consumer, or the name and address or the original creditor. *See* 15 U.S.C. § 1962g(b).

Under these provisions of the FDCPA, debt collectors must provide consumers with an explanation of their rights, which is known as a validation notice. *See Gaziano*, 950 F. 2d at 111; *Wilson*, 225 F. 3d at 353. Congress specifically included the requirement of a validation notice to ensure that consumers would receive *adequate* notice of their rights under the law. *Wilson*, 225 F. 3d at 354 (citing *Miller v. Payco-General American Credits, Inc.*, 943 F. 2d 482, 483-84 (4th Cir. 1991)). The "mere inclusion of the statutory debt validation notice in the debt collection letter" by debt collectors is not sufficient to comply with the law, however, true compliance with the FDCPA by debt collectors requires that the validation notice is "conveyed effectively to the debtor." *Id.*

The Third Circuit has routinely held that an effective validation notice is one "where the validation notice is [not] overshadowed or contradicted by accompanying messages or notices from the debt collector." *Id.* at 355; *see Graziano,* 950 F. 2d at 11; *see also Caprio v. Healthcare Revenue Recovery Group, LLC,* 709 F. 3d 142 (3d Cir. 2013). Moreover, Congress has reconfirmed the requirement that the validation notice not be overshadowed as integral to the FDCPA, as Congress amended § 1692g(b) in 2016 to provide that "[a]ny collection activities and communications during the 30-day period may not overshadow or be inconsistent with the disclosure of consumer's rights to dispute the debt or request the name and address of the original creditor." *Caprio*, 709 F.3d at 148.

Thus, a collection letter cannot be deceptive, overshadowing, or contradictory so as to make the least sophisticated debtor uncertain of their rights. *Wilson*, 225 F 3d. at 354. A collection letter is deceptive "when it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Id.* (quoting *Russel v. Equifax A.R.S.*, 74 F. 3d 30, 34-35 (2nd Cir. 1996)). It is a question of law left to the courts as to whether the language in a collection letter overshadows or contradicts the FDCPA validation notice. *Caprio,* 709 F. 3d at 147.

> Here, to reiterate, the at-issue validation notice reads as follows:
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. ***If*** you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such judgment or verification. ***If*** you request of this office in writing with 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Compl., Exh. A., Letter dated February 12, 2018 (emphasis added). Plaintiff takes issue with the word "if" used in the notice. Plaintiff argues that the first sentence of the notice does not direct the debtor to submit a dispute in writing, and he further contends that the next two sentences, despite referencing an "in writing" requirement, are nonetheless couched in permissive terms. In other words, Plaintiff posits that such language leaves the door open for the debtor to conclude that a written dispute is merely an option, but not required. In support of his position, Plaintiff cites two recent decisions in this district, *Cadillo v.*

10

*Stoneleigh Recovery Assocs., LLC*, No. 17-7472, 2017 U.S. Dist. LEXIS 210870 (D.N.J. Dec. 21, 2017) and *Poplin v. Chase Receivables, Inc.*, No. 18-404,[2] which found identical validation notices violative of the FDCPA.

In *Cadillo* and *Poplin*, the courts reasoned that using the word "if" in the validation notice could confuse the least sophisticated consumer as to whether a written response was required. *See Cadillo*, 2017 U.S. Dist. LEXIS, at *6-7. Both courts were concerned that by employing such permissive language, a consumer could believe that either a written or oral response is sufficient to dispute the debt. While the reasoning of *Cadillo* and *Poplin* is well taken, I respectfully disagree. This is not the first time I have confronted this issue. Previously, I held in *Borozan v. Fin. Recovery Servs.*, No. 17-11542, 2018 U.S. Dist. LEXIS 104691 (D.N.J. Jun. 22, 2018), that a validation notice identical to the one here did not violate the FDCPA. I reasoned, which explanation equally applies here, that by using the word "unless" in the first sentence, the notice informs the consumer of the consequences if he or she fails to dispute the debt. *Id.* at *19. Then, the remainder of the notice provides instructions on how to dispute the debt and the effect of disputing a debt. Under the least sophisticated debtor standard, the consumer is presumed to have read the whole letter. *See Campuzano-Burgos*, 550 F.3d at 299. In that regard, the consumer would understand that the notification mentioned in the second sentence refers to the first; that is, read together, unless the debtor disputes the debt in writing, the

---

[2] The *Poplin* decision is not published online. A copy of the Letter Order was submitted by Plaintiff.

debt would be presumed valid. In fact, nowhere does the notice suggest that a debtor may verbally dispute the debt. Rather, the only method included in the notice is an in-writing requirement. As such, I do not find that by using the word "if" in the validation notice here, a consumer would be confused as to how to dispute the debt. Furthermore, it cannot be overstated that the language used in the validation notice tracks closely the statutory language contained in § 1692g(a)(3)-(5). Indeed, in drafting its notice, Defendant presumably relied on the plain language of the statute and mirrored such language in its debt collection letters. As a matter of fairness, Defendant should not be subjected to statutory liability in this context when it reasonably relied on the very statute to craft the notice at issue.

I note that numerous courts, when confronted with identical validation notices, are in accord with my conclusion. *See, e.g., Hernandez v. Mercantile Adjustment Bureau, LLC*, No. 13-843, 2013 U.S. Dist. LEXIS 166836 (D.N.J. Nov. 22, 2013); *Hillman v. NCO Fin. Sys., Inc.*, No. 13-2128, 2013 U.S. Dist. LEXIS 137221 (E.D. Pa. Sep. 25, 2013); *Max v. Gordon & Weinberg P.C.*, No. 15-2202, 2016 U.S. Dist. LEXIS 14703 (D.N.J. Feb. 8, 2016); *Riccio v. Sentry Credit, Inc.*, No. 17-1773, 2018 U.S. Dist. LEXIS 15661 (D.N.J. Jan. 31, 2018); *Ferrulli v. BCA Fin. Servs.*, No. 17-13177, 2018 U.S. Dist. LEXIS 168631 (D.N.J. Sep. 28, 2018); *Velez v. Cont'l Serv. Grp.*, No. 17-2372, 2018 U.S. Dist. LEXIS 57282 (M.D. Pa. Apr. 4, 2018); *Parker v. CMRE Fin. Servs., Inc.*, No. 07-1302, 2007 U.S. Dist. LEXIS 82272 (S.D. Cal. Nov. 5, 2007); *Sebrow v. NCO Fin. Sys., Inc.*, No. 08-1725, 2009 U.S. Dist. LEXIS 76582 (E.D.N.Y. Aug. 27, 2009); *Borucki v. Vision*

*Fin. Corp.*, No. 13-386, 2013 U.S. Dist. LEXIS 80419 (E.D. Wis. June 7, 2013); *Moore v. Ingram & Assoc., Inc.*, 805 F. Supp. 7, 8-9 (D.S.C. 1992); *Aronson v. Commercial Fin. Servs.*, No. 96-2113, 1997 U.S. Dist. LEXIS 23534 (W.D. Pa. Dec. 22, 1997).

Next, Plaintiff argues that the placement of the phrase — "We look forward to hearing from you" — after the validation notice further misleads a consumer into calling Defendant to dispute his or her debt. Having already determined that the validation notice did not use any false, deceptive, or misleading representation in connection with the collection of Plaintiff's debt, Plaintiff's argument is unconvincing. Contrary to Plaintiff's position, the phrase, read in conjunction with the rest of the letter, does not come close to suggesting to a least sophisticated debtor that he or she should contact Defendant in the event the debt is to be disputed. Instead, the phrase, where it is placed, merely invites the consumer to call to resolve, not dispute, the account; the phrase neither explicitly invites the consumer to call to dispute a debt, nor threatens or encourages the consumer to waive his or her statutory rights to challenge the validity of the debt. Similar language used in debt collection letters had been found to be appropriate under the FDCPA. *See Magana v. Amcol Sys.*, No. 17-11541, 2018 U.S. Dist. LEXIS 94779, at *12 (D.N.J. June 6, 2018)("One must stretch their imagination past the point of discomfort, and past the point of the least sophisticated debtor, to read the phrase 'please contact' for 'questions' as being equivalent to an invitation to call to dispute, quarrel, or argue over the validity of a claim."); *Robinson v. Northland Grp., Inc.*, No. 17-12023, 2018 U.S.

13

Dist. LEXIS 119518, at *19 (D.N.J. Jul. 18, 2018)(finding that the phrase "[w]e look forward to hearing from you" does not violate the FDCPA because it is merely "used in the context of a general invitation to call about any questions in a separate closing paragraph"); *Reizner v. Nat'l Recoveries, Inc.*, No. 17-2572, 2018 U.S. Dist. LEXIS 74229, at *23 (D.N.J. May 2, 2018) (finding that the phrase "[f]or further information, please write or call us at the address or number contained in this notice," did not violate the FDCPA because it "does not expressly state that Plaintiff should call to contest the debt"); *see also Terran v. Kaplan*, 109 F.3d 1428, 1430 (9th Cir. 1997) (use of "[u]nless an immediate telephone call is made" did not overshadow or contradict validation notice); *Vasquez v. Gertler & Gertler, Ltd.*, 987 F. Supp. 652, 657 (N.D. Ill. 1997) (use of "contact[] me without further delay" did not overshadow or contradict validation notice).

Plaintiff's comparison of the disputed phrase here to the language examined in *Caprio* is inapt. In *Caprio*, the plaintiff challenged a collection letter's instruction for him to call or write to defendant, if he believed he was not responsible for the debt in connection with the service described. *Caprio*, 709 F.3d at 145 ("If we can answer any questions, or if you feel you do not owe this amount, please call us toll free at 800-984-9115 or write us at the above address.") (emphasis removed). The Third Circuit held that this language overshadowed the letter's validation notice, because it directed the plaintiff to call or write in order to dispute the debt, even though a consumer is required to raise a debt dispute in writing under the FDCPA. *Id.* at 152. In other words, the

14

Third Circuit found that the letter was invalid, because the complained-of language could "be reasonably read to have two or more different meanings, one of which is inaccurate." *Id.* (citation and quotations omitted). Here, no such language was used. Unlike *Caprio*, the indication that Defendant was looking forward to hearing from Plaintiff in order to resolve the account is not subject to different meanings, since the phrase lacks any reference to the debt itself. In other words, the invitation to call in this case was not used in such a way as to confuse the least sophisticated debtor or to offer an inaccurate choice of action. *Caprio* is clearly distinguishable from this case.

Likewise, Plaintiff's reliance on *Homer v. Law Offices of Frederic I. Weinberg & Assocs., P.C.*, 292 F. Supp. 3d 629 (E.D. Pa. 2017), is misplaced. In *Homer*, the offending language — "hears from you" — was used *within* the statutorily required paragraph of the debt validation notice informing the consumer of his rights. *Id.* at 631. The letter there read, "Unless this office *hears from you* within thirty (30) days after the receipt of this letter that you dispute the validity of the debt, or any portion of thereof, this office will assume the debt is valid." *Id.* (emphasis added). In the same paragraph, the notice went on to provide the writing requirement consistent with § 1692g(a)(4) and § 1692g(a)(5). *Id.* However, the court found that the "hears from you" language was not a colloquial phrase that would be understood by the least sophisticated debtor to mean that a dispute must be in writing. *Id.* at 632.

Here, the phrase, "We look forward to hearing from you," is not placed or intertwined within the statutory required notice concerning a disputed debt as

in *Homer*. Rather, it is a general invitation to call about resolving — not disputing — the debt, and in a separate closing paragraph. To read the phrase at issue into the previous paragraph, which uses language nearly identical to that which is required by § 1692g(a), would be a "bizarre and idiosyncratic interpretation of the letter as a whole." *Magana*, 2018 U.S. Dist. LEXIS 94779, at *13 (citation and quotations omitted). Accordingly, Plaintiff has failed to state a claim under § 1692g.

    **B.**     **§ 1692e**

Plaintiff's § 1692e claim is premised on the same allegations as his § 1692g claim regarding the debt collection letter. Because Plaintiff's § 1692g claim fails, correspondingly, his § 1692e claim also fails. Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). Indeed, "[w]hen allegations under 15 U.S.C. § 1692e(10) are based on the same language or theories as allegations under 15 U.S.C. § 1692g, the analysis of the § 1692g claim is usually dispositive." *Caprio*, 709 F.3d at 154; *Reynolds v. Encore Receivable Mgmt,* No. 17-2207, 2018 U.S. Dist. LEXIS 83902, at *16-17 (D.N.J. May 18, 2018)("Because Plaintiff's claim under Section 1692e is based on the same allegations as her claim under Section 1692g, the foregoing analysis as to Section 1692g is dispositive."). Even if it were not dispositive, the language used in the debt collection letter is not "a false representation or deceptive," because the language cannot be reasonably read to have two or more

different meanings, one of which is incorrect. *See Rosenau v. Unifund Corp.*, 539 F.3d 218, 222 (3d Cir. 2008).

Accordingly, Defendant's motion to dismiss is **GRANTED**.


Dated:  December 13, 2018                               /s/ Freda L. Wolfson
                                                        Hon. Freda L. Wolfson
                                                        United States District Judge